IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Fred Telford, | ) | Civil Action No. 6:18-cv-02176-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hector C. Joiner, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Fred Telford, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") that recommends dismissal of Petitioner's Habeas Petition because it is duplicative. (ECF No. 6 at 2 ("[I]n the interests of judicial economy and efficiency, it is recommended that the instant [action] be summarily dismissed").)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such

1

recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Petitioner timely filed Objections on September 19, 2018. (ECF No. 13.) However, Petitioner uses his Objections as a vehicle to notify the court of his desire to voluntarily dismiss this action:

> [I]n accordance with the new constitutional change of law issued by the [United States] Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) . . . Petitioner now has an available avenue in order to challenge the district court's use of the incorrect sentencing guideline provisions, which created the error in the imposed sentence by the district court . . . Petitioner would also ask this [court] to dismiss the second [Habeas Petition] that was filed by [] Petitioner through his ignorance of the law, wherefore, [] Petitioner apologize[s] to this [court] for any problems caused by [] Petitioner during the proceedings.

(ECF No. 13 at 1–2.)

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6) and **DISMISSES** Petitioner Fred

2

Telford's Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice and without requiring Respondent Hector C. Joiner to file a return.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 4, 2020
Columbia, South Carolina